1   **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8

9   Vernita A. Moore,                    )   No. CV-04-183-TUC-FRZ
                                         )
10            Plaintiff,                 )   **ORDER**
                                         )
11   vs.                                 )
                                         )
12   Teletech Services Corporation's (Teletech))
    aka; Tele Tech Facilities Management )
13   (Parcel Customer Support), Inc., et, al,  )
                                         )
14            Defendants.                )
    _____)

15

16                        **Background**

17          On March 28, 2005, the Court issued an Order granting Defendant TeleTech Services

18   Corporation's (TeleTech) motion to dismiss and for a more definite statement, and

19   dismissing Plaintiff Vernita A. Moore's Complaint with leave to amend.  The Court granted

20   Moore leave to file an amended complaint on or before May 2, 2005.

21          On May 2, 2005, the Court issued an Order granting Moore's request for an additional

22   thirty days to file her amended complaint.  The Court extended the deadline to file the

23   amended complaint until June 1, 2005.

24          On June 2, 2005, Moore filed her Amended Complaint, alleging violations of the

25   Americans with Disabilities Act and alleging that she had been subjected to disparate

26   treatment based on her race/color, constructive discharge, a hostile work environment, illegal

27   retaliation, equal protection and due process violations, wrongful termination in violation of

28   public policy, and breach of the implied covenant of good faith and fair dealing.

1

**Pending Motions**

2      Pending before the Court is Moore's June 9, 2005 motion to extend the time to file

3  her Amended Complaint, which was filed on June 2, 2005, rather than the Court-imposed

4  deadline of June 1, 2005.

5      Also pending before the Court is TeleTech's motion to dismiss the Amended

6  Complaint in its entirety because Moore failed to comply with the Court-imposed deadline

7  for filing her Amended Complaint.[1]  Alternatively, TeleTech seeks to dismiss the majority

8  of the Amended Complaint because the Court lacks subject matter jurisdiction over one of

9  Moore's claims and because Moore has failed to state a claim upon which relief can be

10  granted as to several others.  Moore filed an opposition to this motion, and TeleTech filed

11  a reply.

12

**Discussion**

13  **A.      Moore's Motion for Extension of Time and TeleTech's Motion to Dismiss
            for Failure to Comply with the Court's Deadline**

14

15      In her motion to extend the time to file her Amended Complaint, Moore requests that

16  the Court accept her Amended Complaint, which was filed on June 2, rather than the Court-

17  imposed deadline of June 1.  She claims that she "just became aware that [the] Amended

18  Complaint was due on June 1, 2005" because she "counted 30 days from May 2nd, 2005

19  starting from the next day[,] May 3rd, 2005, exclud[ing] Memorial Day Holiday" and she

20  "was with the understanding that 30 days from May 2nd, 2005 would be June 2, 2005."

21      In its motion to dismiss, TeleTech contends that it is "simply incredible" that Moore

22  could have overlooked the boldface type in the Court's May 2, 2005 Order that plainly stated

23  the deadline for filing the Amended Complaint.  TeleTech argues that it is reasonable to

24  expect all litigants, even pro se litigants, to abide by court-imposed deadlines, and that courts

25  should not allow litigants to ignore deadlines.

26  _____

27      [1]In its motion to dismiss, TeleTech indicates that it opposes Moore's June 9 motion
to extend, but did not file a response because its arguments were fully stated in the motion
28  to dismiss.

1    Because her motion for an extension of time was filed after the Amended Complaint
2  was due, the Court has the discretion to enlarge the time to file the Amended Complaint only
3  if the Court finds that Moore's failure to timely file the Amended Complaint was the result
4  of "excusable neglect." *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795
5  (9th Cir. 1996); Fed. R. Civ. P. 6(b)(2); LRCiv 7.3(a) of the Rules of Practice of the United
6  States District Court for the District of Arizona (the Local Rules). "Although inadvertence,
7  ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable
8  neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept'
9  and is not limited strictly to omissions caused by circumstances beyond the control of the
10  movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113
11  S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993) (footnote omitted). *See also Briones v. Riviera*
12  *Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("[A]lthough a late filing will ordinarily
13  not be excused by negligence, that possibility is by no means foreclosed.") (footnote
14  omitted). Whether Moore's untimely filing was the result of "excusable neglect" is an
15  equitable determination, and the Court must consider all relevant circumstances surrounding
16  the untimely filing, including "the danger of prejudice to the [other party], the length of the
17  delay and its potential impact on judicial proceedings, the reason for the delay, . . . and
18  whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.

19    Moore filed her Amended Complaint one day late. The Court cannot discern, and
20  TeleTech has not claimed, any possible prejudice to TeleTech by this minimally late filing.
21  Nor has there been any impact on the judicial proceedings from the minimal delay. Moore
22  filed her Amended Complaint late because she apparently failed to fully read the Court's
23  May 2, 2005 Order. Had she done so, the deadline for filing the Amended Complaint would
24  have been readily apparent. But this carelessness, not bad faith. *See Bateman v. United*
25  *States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (although reasons for delay were
26  "weak," there was no evidence of bad faith and attorney's "errors resulted from negligence
27  and carelessness, not from deviousness or willfullness").

28

1    Balancing the equities, the Court, in its discretion, finds excusable neglect.  Thus, the

2    Court will grant Moore's motion for a one-day extension of time to file her Amended

3    Complaint and will deny TeleTech's motion to dismiss based on Moore's untimely filing of

4    her Amended Complaint.

5

6    **B.    TeleTech's Motion to Dismiss for Lack of Subject Matter Jurisdiction – Illegal Retaliation Claim**

7    Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, TeleTech seeks to

8    dismiss Moore's "illegal retaliation" claim.  TeleTech contends that the Court lacks subject

9    matter jurisdiction over this claim because she did not "check the 'retaliation' box or

10   otherwise allege retaliation in the charge of discrimination she filed with the Arizona Civil

11   Rights Division ('ACRD') and cross-filed with the United States Equal Employment

12   Opportunity Commission ('EEOC')."  In her response, Moore contends that she "told ACRD

13   about Retaliation in her statements."

14   Filing a formal complaint is a jurisdictional prerequisite to bringing a lawsuit.  *See*

15   *Sommatino v. United States*, 255 F.3d 704, 709-10 (9th Cir. 2001).  "In cases where a

16   plaintiff has never presented a discrimination complaint to the appropriate administrative

17   authority, . . . the district court does not have subject matter jurisdiction."  *Id.* at 709.  *See*

18   *also Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986).  However, the Court does have

19   jurisdiction over charges of discrimination not included in a formal complaint that are "'like

20   or reasonably related' to the allegations in the EEOC charge, or that fall within the 'EEOC

21   investigation which can reasonably be expected to grow out [of] the charge of

22   discrimination.'"  *Sommatino*, 255 F.3d at 709 (quoting *Deppe v. United Airlines*, 217 F.3d

23   1262, 1267 (9th Cir. 2000)).

24   Moore did not check the box for discrimination based on "retaliation" on her Charge

25   of Discrimination filed with the Arizona Attorney General's Office, Civil Rights Division

26   (ACRD).  However, she specifically stated in her Charge of Discrimination that she

27   requested an accommodation for her disability, that TeleTech refused to grant her request,

28   and that "[a]s a result of [her] attempts to accommodate [her] disability, [TeleTech] began

1    to initiate its progressive disciplinary procedure." She also stated: "I believe, and therefore

2    allege, that but for my attempting to accommodate my disability and/or my race, Black, I

3    would not have been terminated and/or would have been allowed to receive unemployment

4    compensation."

5         Based on these statements, a retaliation claim was included in the Charge of

6    Discrimination that Moore filed with the ACRD. At the very least, such a claim is like or

7    reasonably related to the allegations in the Charge of Discrimination. The Court has subject

8    matter jurisdiction over Moore's illegal retaliation claim and, therefore, will deny TeleTech's

9    motion to dismiss Moore's illegal retaliation claim for lack of subject matter jurisdiction.

10        **C.    TeleTech's Motion to Dismiss for Failure to State a Claim**

11        Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, TeleTech seeks to

12    dismiss Moore's claims of disparate treatment, constructive discharge, hostile work

13    environment, equal protection and due process violations, wrongful termination in violation

14    of public policy, and breach of the covenant of good faith and fair dealing. Under Rule

15    12(b)(6), the Court can dismiss claims where Plaintiff has "fail[ed] to state a claim upon

16    which relief can be granted." Dismissal is appropriate "where there is no cognizable legal

17    theory or an absence of sufficient facts alleged to support a cognizable legal theory."

18    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

19        **1.    Equal Protection and Procedural Due Process Claims**

20        TeleTech seeks to dismiss Moore's claims for equal protection and due process

21    violations. As the Court explained in its March 28, 2005 Order granting TeleTech's first

22    motion to dismiss:

23             The due process and equal protection clauses of the Fourteenth
             Amendment only protect against government action, not private
24           action. *See Single Moms, Inc. v. Montana Power Co.*, 331 F.3d
             743, 746-47 (9th Cir. 2003); *see also Shelley v. Kraemer*, 334
25           U.S. 1, 13, 68 S. Ct. 836, 842, 92 L. Ed. 1161 (1948) (The
             Fourteenth Amendment "erects no shield against merely private
26           conduct, however discriminatory or wrongful.").

27        In her Amended Complaint (like her initial complaint), Moore has not alleged that

28    TeleTech is a government entity. Nor has Moore alleged that TeleTech's alleged conduct

1  was compelled or encouraged by the government, that its conduct was part of a joint activity

2  with the government, that the government controlled it, or that the government delegated a

3  public function to it.  *See Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 747 (9th

4  Cir. 2003) (identifying situations where private action may be treated as government action).

5  Thus, Moore has failed to state a claim upon which relief can be granted in her claims for

6  violations of equal protection and due process.  Because Moore was fully notified that these

7  claims in her original Complaint were deficient, the Court concludes that amendment is

8  futile.  Thus, Moore's claims for violations of equal protection and due process are dismissed

9  without leave to amend.

10           **2.     Disparate Treatment and Hostile Work Environment Claims**

11          TeleTech argues that Moore has failed to allege sufficient facts to support her

12  disparate treatment and hostile work environment claims.

13          A motion to dismiss under Rule 12(b)(6) "tests whether the allegations of the

14  Complaint satisfy the requirement of Fed. R. Civ. P. 8(a), which requires a 'short and plain

15  statement of the claim showing that the pleader is entitled to relief.'"  *Ricotta v. California*,

16  4 F. Supp. 2d 961, 971 (S.D. Cal. 1998) (quoting Fed. R. Civ. P. 8(a)).

17          A plaintiff does not need to allege in her Complaint every fact supporting her claim,

18  and, in discrimination cases, does not need to allege facts sufficient to establish a prima facie

19  case.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S. Ct. 992, 999, 152 L. Ed.

20  2d 1 (2002).  However, there must be "sufficient allegations to put defendants fairly on notice

21  of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  *See also*

22  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (a short and plain

23  statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds

24  upon which it rests.").   Moreover, "[a]lthough *pro se* pleadings are liberally construed, . .

25  . conclusory allegations unsupported by sufficient factual allegations do not state a claim

26  upon which relief can be granted."  *Bailey v. I.R.S.*, 188 F.R.D. 346, 350 (D. Ariz. 1999).

27  *See also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory

28

1   allegations without more are insufficient to defeat a motion to dismiss for failure to state a

2   claim.").

3           As to her claim of racial discrimination, Moore alleges in her Amended Complaint

4   that she was the only African American working under her immediate supervisor. She claims

5   that she was intentionally treated differently because of her race. Specifically, she alleges

6   that she "was treated differently in discipline," and, unlike other employees who "were given

7   recurrent training," she "was not offered to be re[-]trained into another position" and was

8   discharged. Because the Court must construe Moore's pro se pleading liberally on a motion

9   to dismiss for failure to state a claim, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002),

10  and given the liberal notice pleading requirements in Rule 8(a), Moore's allegations,

11  although minimal, are sufficient to put TeleTech fairly on notice of the claim against it. *See*

12  *Castillo v. Norton*, 219 F.R.D. 155, 162 (D. Ariz. 2003) ("Rule 8(a) does not require

13  [plaintiff] to identify the . . . employees involved in the alleged discrimination, the dates of

14  the alleged discrimination, or other circumstances surrounding the alleged discrimination.")

15          As to her claim of a hostile work environment, Moore's allegations are conclusory.

16  The section of her Amended Complaint devoted to that claim simply states that the claim is

17  "[b]ased on the events above." But the events detailed earlier in her Amended Complaint do

18  not set forth even cursory facts to suggest how or when TeleTech created a hostile work

19  environment. Because Moore failed to plead sufficient facts in her Amended Complaint, and

20  because she was fully notified that this claim in her original Complaint was factually

21  deficient,[2] the Court concludes that amendment is futile. Thus, Moore's hostile work

22  environment claim is dismissed without leave to amend.

23

24

25

26  _____

27          [2]The Court stated in its March 29, 2005 Order that Moore's "hostile work environment
    claim is . . . conclusory. Moore does not set forth even cursory facts to suggest what

28  TeleTech did or when TeleTech did it." (Footnote omitted.)

### 3.      Constructive Discharge Claim

TeleTech contends that Moore's claim of constructive discharge should be dismissed because she was *actually* discharged, not *constructively* discharged.  The Court agrees.  *See Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998) ("A constructive discharge occurs when a person quits his job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable.").  Moreover, as is the case with her hostile work environment claim, Moore has failed to set forth even cursory facts to support this claim.  *Cf. Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job.").

Because Moore was actually discharged, failed to plead sufficient facts in her Amended Complaint, and was fully notified by the Court that her hostile work environment claim in her original Complaint was factually deficient, the Court concludes that amendment is futile.  *See Brooks*.  Thus, Moore's constructive discharge claim is dismissed without leave to amend.

### 4.      Wrongful Termination Claim

TeleTech asserts that Moore's claim of wrongful termination in violation of public policy should be dismissed because her allegations do not fit within the parameters of the Arizona Employment Protection Act, Ariz. Rev. Stat. § 23-1501.

Under Arizona law, tort claims alleging wrongful termination in violation of public policy are limited to claims for termination in breach of an employment contract, in violation of a state statute, in retaliation for certain employee actions, and in cases involving public employees with a right to continued employment.  *See* Ariz. Rev. Stat. § 23-1501(3); *see also Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1076 (D. Ariz. 2002).   Moore has not

alleged that an employment contract existed or that any employment agreement between the parties established employment for a specific duration or restricted the parties' rights to terminate the employment relationship. She has not alleged in her Amended Complaint that she was discharged in violation of an Arizona statute[3] and has not alleged that she was discharged in retaliation for engaging in any of the enumerated employee actions listed in § 23-1501(3)(c). In addition, she has not alleged that she is a public employee. Thus, she has failed to state a claim for wrongful termination in violation of public policy.

This is Moore's second attempt at drafting her complaint. The Court previously informed her that claims without any factual support were deficient. Nothing in Moore's Amended Complaint or response to the motion to dismiss suggests that the deficiencies in this claim could be cured by amendment. Therefore, the Court will dismiss this claim without leave to amend.

### 5. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

TeleTech contends that Moore's claim for breach of the implied covenant of good faith and fair dealing must be dismissed because it is barred by the statute of limitations; because Moore has not alleged the existence of a contract with TeleTech; and because, even if Moore had alleged the existence of an at-will contract with TeleTech, she does not allege that TeleTech terminated her in order to deprive her of wages or benefits already earned. In her opposition, Moore states that "Defendants [sic] does have a copy of Plaintiff's 'At Will Contract' between Plaintiff and Defendant."

---

[3]Moreover, based on the allegations in the Amended Complaint, the only possibly applicable statute is the Arizona Civil Rights Act (ACRA), Ariz. Rev. Stat. § 41-1463, which prohibits discrimination based on, among other things, race or disability. But that statute provides its own remedy. *See Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, ¶12, 33 P.3d 518, ¶12 (App. 2001) ("ACRA . . . *does* provide a remedy for its violation."). Because ACRA provides a remedy, a lawsuit under Ariz. Rev. Stat. § 23-1501 is not permitted. Ariz. Rev. Stat. § 23-1501(3)(b) (remedy in another state statute is "exclusive" remedy); *see also Taylor*, 201 Ariz. 184, ¶12, 33 P.3d 518, ¶12.

In her Amended Complaint (like her initial complaint), Moore has not alleged that she and TeleTech had a contract.  Therefore, she has failed to state a claim for breach of the implied covenant of good faith and fair dealing.  *See Arnold & Associates, Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1026 (D. Ariz. 2003) ("Every contract under Arizona law incorporates the implied covenant of good faith and fair dealing. . . . [H]owever, the obligation imposed by the covenant *presumes* the existence of a valid contract.").

Although Moore does allege in her response to the motion to dismiss that there is an "at will contract" between her and TeleTech, the Court will not permit her a second opportunity to amend her complaint to assert this allegation because such an amendment would be futile.  Even if an at-will contract existed, the "implied-in-law covenant of good faith and fair dealing only protects 'an employee from a discharge based on an employer's desire to avoid the payment of benefits already earned by the employee . . . .'" *Bernstein v. Aetna Life & Cas.*, 843 F.2d 359, 365 (9th Cir. 1988) (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 385, 710 P.2d 1025, 1040 (1985)).  *See also Kelley v. City of Mesa*, 873 F. Supp. 320, 329 (D. Ariz. 1994).  Moore does not allege that she was terminated because TeleTech wanted to avoid paying her benefits that she had already earned.

Moore has failed to state a claim for breach of the implied covenant of good faith and fair dealing.  Because Moore was notified that this claim in her original Complaint was deficient, and because nothing in Moore's Amended Complaint or response to the motion to dismiss suggests that the deficiencies in this claim could be cured by amendment, the Court will dismiss this claim without leave to amend.

### D.     Moore's Requests for Additional Briefing and Discovery

In her opposition to the motion to dismiss, Moore states that she "is pointing out some of the issues and facts in support of her Amended Complaint, but also would request Briefing the issue more fully in detail."  She also requests that the TeleTech be required to produce documentation regarding other employees whose work performance was below standards and who were offered alternative positions and "recurrent" training.

TeleTech opposes both requests.  As to the request for additional briefing, TeleTech argues that it is not appropriate because Moore has been given ample opportunity to amend her complaint to state a claim.  In addition, TeleTech notes that Moore did not even utilize the full time period for responding to the motion to dismiss.  As to the request for production of documents, TeleTech argues that discovery is inappropriate for Moore to determine what factual allegations to make.

The Court agrees that additional briefing is not appropriate.  Moore was notified of the defects in her original complaint and was given ample time to remedy those defects.  In responding to the current motion to dismiss, Moore did not utilize the full time for responding.  Nor did she seek an extension of time to respond to the motion.

The request for discovery appears to relate to Moore's disparate treatment claim.  As stated above, the Court concludes that Moore's allegations regarding this claim comply with Rule 8(a) of the Federal Rules of Civil Procedure and are sufficient to put TeleTech fairly on notice of the claim against it.  Because Moore will be able to seek discovery on this claim in the normal course of this litigation, the Court will deny this request as moot.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Plaintiff's "Motion to Extend Time to Accept Complaint (Amended) to June 2, 2005" (U.S.D.C. document #24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (U.S.D.C. document #25) is:

A.   **DENIED IN PART** as to Defendant's Motion to Dismiss the entire Amended Complaint as untimely.

B.   **DENIED IN PART** as to Defendant's Motion to Dismiss for lack of subject matter jurisdiction Plaintiff's Illegal Retaliation Claim (Count 5).

C.    **DENIED IN PART** as to Defendant's Motion to Dismiss for failure to state a claim Plaintiff's Disparate Treatment Claim (Count 2).

D.    **GRANTED IN PART** as to Defendant's Motion to Dismiss for failure to state a claim Plaintiff's claims of Constructive Discharge (Count 3); Hostile Work Environment (Count 4); Violation of Equal Protection (Count 6); Violation of Due Process (Count 7); Wrongful Termination in Violation of Public Policy (Count 8); and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 9).

**IT IS FURTHER ORDERED** that Counts 3, 4, 6, 7, 8, and 9 of Plaintiff's Amended Complaint are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Plaintiff's request for additional briefing (U.S.D.C. document #26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for discovery (U.S.D.C. document #26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant shall respond to Counts 1 (Americans with Disabilities Act) , 2 (Disparate Treatment), and 5 (Retaliation) of Plaintiff's Amended Complaint within the time set forth in Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

DATED this 8th day of November, 2005.

FRANK R. ZAPATA
United States District Judge